UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


ROBERT WAYNE DUFFIN         )
         )
         )
v.         )     NO. 2:06-CV-17
         )
MEDICAL DEPARTMENT, Sullivan     )
County Justice Center     )


## MEMORANDUM and ORDER


Robert Wayne Duffin, a prisoner in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights case under 42 U.S.C. § 1983, seeking damages for the alleged violation of his constitutional rights. He has also filed an application to proceed *in forma pauperis*. Under 28 U.S.C.§ 1915, a prisoner who files a complaint in a federal court is required to pay the civil filing fee, but may satisfy his obligation by paying on an installment basis. Therefore, the plaintiff is **ASSESSED** the civil filing fee of two-hundred and fifty dollars ($250.00).[1]

Pursuant to 28 U.S.C. § 1915(a) and (b)(1) and (b)(2), the custodian of inmate trust accounts at the SCDC shall submit to the Clerk twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the

---

[1] The filing fee was increased to $350 for cases filed on or after April 9, 2006. However, since the plaintiff filed his case prior to the increase, the old fee applies.

preceding month), but only when the monthly income exceeds ten dollars ($10.00),

until the filing fee has been paid in full.[2]

The Clerk is **DIRECTED** to send copies of this order to the custodian

of inmate trust accounts at the SCDC to ensure compliance with the fee-assessment

procedures outlined above.

The complaint, broadly construed, alleges that the plaintiff has been

denied medical care by members of the SCDC's medical staff.

A federal court which is presented with a prisoner's civil action first must

determine whether the plaintiff has exhausted his administrative remedies by offering

the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C.

§ 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S.

833 (1998). Even where money damages are unavailable through the prison grievance

process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 532 U.S.

731, 740-41 (2001). To satisfy § 1997e's requirement, a prisoner should attach to his

§ 1983 complaint any decision demonstrating the administrative disposition of his

claims or describe with specificity the administrative proceeding and its outcome.

---

[2] Send the payments to:
                Clerk, USDC
                220 West Depot Street, Suite 220
                Greeneville, TN 37743

*Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).  A district court must enforce the exhaustion requirement *sua sponte*, and it is the prisoner's burden to demonstrate that he has exhausted those remedies.  *Brown, 139 F.3d at 1104.*

The plaintiff asserts, in paragraph II of his complaint, that he filed a grievance, but was "not satisfied [with the] answer, returned for further review, no help, returned for further & final review and to no avail problem not solved."  He has also alleged that the grievance officer sent his grievance to the authorities, who agreed with the medical unit's disposition of his "problem."  The plaintiff has not, however, attached to his complaint copies of any such a grievance.  Nor has he described the subject matter of his grievance, unless the word "problem" serves as an adequate description of the contents of the grievance.  He has also indicated, in a subsequent letter to the Court, that he has "been going through the grievance process with no luck." (Doc. 5).  While this statement appears to be at odds with his earlier assertion that he submitted his grievance for "further & final review," to the extent that it is meant to convey that the petitioner is still presenting his "problem" to the jail officials by means of a grievance, section 1997e(a) requires him to exhaust administrative remedies *prior* to filing suit—not during the pendency of the suit.  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  Thus, the Court finds that the plaintiff has

3

failed to show that he administratively exhausted his claims before he brought this federal action.[3]

However, claims need not be exhausted if they fail to state a claim in the first place. 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d at 1104. This is the situation here. In the complaint, the plaintiff states his claim in its entirety:

> I've had badly dry skin and right leg pain and
> have been denied and put off since my
> incarceration here since Nov. 17, 2004 until
> Dec. 21, 2005. (Compl. at 3, ¶ 4).

The Constitution prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (amplification). An Eighth Amendment claim for inadequate medical care has two components: an objective one and a subjective one. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a serious medical condition. *Id.*

Here, the complaint refers to the plaintiff's "badly dry skin" and "right leg pain." However, absent some factual amplification as to the nature of these

---

[3] A prisoner who makes detailed averments as to every claim raised in his complaint, specifically describing: 1) the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and 2) the outcome of those proceedings, exhausts his administrative remedies. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996-97 (6th Cir. 2004). This is so, regardless of whether he receives a response to his grievance. *Id.*

4

conditions, the allegations do not present a serious medical need—an essential element in an Eighth Amendment claim for medical mistreatment.  Therefore, the complaint will be **DISMISSED** for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2) and § 1915A.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE